®JS 44 (Rev. 11/04)  **CIVIL COVER SHEET**  APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFF
TAMARA SMITH

### DEFENDANTS
MIDLAND CREDIT MANAGEMENT, INC. and GREG MORRIS, ESQ. and PATENAUDE & FELIX, A.P.C.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Unknown
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number): Cary L. Flitter, Esq. and Theodore E. Lorenz, Esq., Lundy, Flitter, Beldecos & Berger, P.C., 450 N. Narberth Avenue, Narberth, PA 19072, (610) 822-0770

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1/24/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| TAMARA SMITH | : | |
| | : | CIVIL ACTION |
| V. | : | |
| | : | |
| MIDLAND CREDIT MANAGEMENT, | : | |
| INC. and GREG MORRIS, ESQ. and | : | NO. |
| PATENAUDE & FELIX, A.P.C. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   (   )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.   (   )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( X )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.   (   )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management
     by the court. (See reverse side of this form for a detailed explanation of special
     management cases)   (   )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.   (   )

| | | |
|---|---|---|
| 1/24/07 | _T. [signature]_ | PLAINTIFF |
| **Date** | **Attorney at Law** | **Attorney for** |
| 610-668-0011 | 610-667-0552 | LORENZ@LFBB.COM |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

UNITED STATES DISTRICT COURT                               APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1740 Georges Lane, 1st Floor, Philadelphia, PA 19131

Address of Defendant: 8875 Aero Drive, San Diego, CA 92123 and 213 East Main Street., Carnegie, PA 15106

Place of Accident, Incident or Transaction: 1740 Georges Lane, 1st Floor, Philadelphia, PA 19131   *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)     Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) 15 U.S.C. §1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   ☐ Relief other than monetary damages is sought

**DATE:** _____   _____   _____
                             Attorney-at-Law             Attorney I.D.

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** 1/24/07   _____   67795
CIV.609 (4/03)        Attorney-at-Law         Attorney I.D.

clf\smith-midland\pleadings\complaint smith- midland/patenaude

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMARA SMITH<br>1740 Georges Lane, 1st Floor<br>Philadelphia, PA 19131<br>      Plaintiff<br>vs.<br>MIDLAND CREDIT MANAGEMENT, INC.<br>8875 Aero Drive<br>San Diego, CA 92123<br>AND<br><br>GREG MORRIS, ESQUIRE<br>213 East Main Street<br>Carnegie, PA 15106<br>AND<br><br>PATENAUDE & FELIX, A.P.C.<br>213 East Main Street<br>Carnegie, PA 15106<br>      Defendants | CIVIL ACTION<br><br>NO. |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2. The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of a consumer debt.

3. The FDCPA is a strict liability statute.

### II. JURISDICTION

4. Jurisdiction arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

1

### III. PARTIES

5. Plaintiff is Tamara Smith, a consumer who resides in Philadelphia, Pennsylvania at the address captioned.

6. Defendant Midland Credit Management, Inc. is a foreign corporation with a mailing address as captioned (herein referred to as "Midland").

7. Defendant Patenaude & Felix, A.P.C. (herein referred to as "Patenaude") is a Pennsylvania debt collection law firm with offices for the regular transaction of business at the address captioned.

8. Defendant Gregg Morris, Esq., (hereinafter "Morris") is an attorney for Patenaude.

9. Midland, Morris, and Patenaude, are collectively referred to as "defendants".

10. Each defendant regularly engages in the collection of consumer debts by use of the mails and telephone.

11. Each defendant regularly attempts to collect consumer debts alleged to be due another.

12. Each defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

### IV. STATEMENT OF CLAIM

13. On May 24, 2006, Smith filed suit against Patenaude in the United States District Court for the Eastern District of Pennsylvania for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692. That suit is styled as *Tamara Smith v. Patenaude & Felix,*

2

*A.P.C.*, Civil Action No. 06-CV-2203(ER).[1] At all times relevant hereto, Morris represented Patenaude in that action.

14. Two weeks later, on June 7, 2006 and with no payment demand, Morris and Patenaude, obstensibly on behalf of Midland, filed a state court complaint against plaintiff on two accounts alleged due, including the account on which Patenaude sent the collection letter in question in the federal action. The state court action is styled as *Midland Credit Management Corp. v. Tamara Smith*, Phila. C.C.P. June Term 2006, No. 875. ("Collection suit")

15. Upon information and belief, the state court complaint was filed in retaliation for Ms. Smith asserting her rights under the FDCPA in the federal court case.

16. In the collection suit, Ms. Smith filed an Answer disputing and denying the accounts alleged due.

17. Ms. Smith served discovery requests, including a notice to take the deposition of Midland, in the collection suit.

18. On December 14, 2006, defendants moved before the Court of Common Pleas for a protective order to avoid having Midland appear for its deposition. The law firm of Maurice & Needleman appeared on behalf of the defendants.

19. On December 14, 2006, after extensive oral argument, the state court denied the motion for a protective order and directed Midland to appear at Smith's counsel's office within 10 days for its deposition. A copy of the State Court Order is appended as Exhibit "A".

20. Midland's deposition was noticed for December 22, 2006 at Smith's counsel's office. Midland failed and refused to show up.

---

[1] Morris and Patenaude filed a motion to dismiss the complaint. That motion – after oral argument - was denied by the Honorable Eduardo C. Robreno on December 18, 2006. (Doc No. 12).

3

21. Defendant Morris, ostensibly on behalf of Patenaude & Midland, wrote to Smith's counsel on December 20, 2006 and December 21, 2006 (Exhibits "B & C" hereto)

22. Defendants, instead of appearing for the court ordered deposition of Midland, filed a discontinuance without prejudice, of the state court action.

23. Defendants discontinued without prejudice the state court action to side-step its court ordered deposition, but yet left open the option of re-filing the complaint against plaintiff.

24. Morris' letters dated December 20, 2006 and December 21, 2006 make clear defendants intention to re-file the state court case against Ms. Smith at some future time while side-stepping its court ordered deposition.

25. Defendants' collection conduct is harassing, abusive, deceptive, and unfair, in violation of the FDCPA.

26. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Section 1692e of the FDCPA prohibits a debt collector from using false, deceptive, or misleading means in an attempt to collect an alleged debt.

28. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt.

29. The defendants have engaged in harassing, abusive, deceptive, and unfair conduct in their attempt to collect the accounts alleged due by plaintiff.

30. The state court complaint was filed against Ms. Smith in retaliation for a prior federal suit commenced against Patenaude.

31. The defendants had no intention of litigating the state court action and Midland did not direct it. It was filed simply to harass and abuse Ms. Smith for filing the federal suit as evidenced by defendants' conduct in the state case.

32. Defendants sidestepped the state court discovery order by discontinuing the suit without prejudice, but have threatened to re-file the action and start anew. See Exhibits B and C hereto.

33. As a result of defendants conduct, plaintiff has been subjected to defendants' harassing and abusive conduct and has incurred costs and expense in defending against the state court action.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT
### (V. MIDLAND CREDIT MANAGEMENT, INC.)

34. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

35. The conduct of Midland Credit Management, Inc. violated the FDCPA in the following ways:

(a) by engaging in conduct the nature consequence of which is to harass, oppress, or abuse plaintiff in connection with a collection of a debt alleged due, in violation of 15 U.S.C. §1692d.

(b) by engaging in false, deceptive, or misleading conduct in the connection with the collection of any debt, in violation of 15 U.S.C. §1692e and §1692e(10).

(c) by using unfair or unconscionable means to collect or attempt to collect a debt alleged due, in violation of 15 U.S.C. §1692f.

**WHEREFORE**, Plaintiff Tamara Smith demands judgment against defendant for:

(a) Damages;

5

  (b)  Attorney's fees and costs; and

  (c)  Such other and further relief as the Court shall deem just and proper.

### COUNT II - FAIR DEBT COLLECTION PRACTICES ACT
### (V. GREG MORRIS, ESQUIRE)

36. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

37. Greg Morris' conduct violated the FDCPA in the following ways:

  (a) by engaging in conduct the nature consequence of which is to harass, oppress, or abuse plaintiff in connection with a collection of a debt alleged due, in violation of 15 U.S.C. §1692d.

  (b) by engaging in false, deceptive, or misleading conduct in the connection with the collection of any debt, in violation of 15 U.S.C. §1692e and §1692e(10).

  (c) by using unfair or unconscionable means to collect or attempt to collect a debt alleged due, in violation of 15 U.S.C. §1692f.

**WHEREFORE**, Plaintiff Tamara Smith demands judgment against defendant for:

  (a)  Damages;

  (b)  Attorney's fees and costs; and

  (c)  Such other and further relief as the Court shall deem just and proper.

### COUNT III - FAIR DEBT COLLECTION PRACTICES ACT
### (V. PATENAUDE & FELIX, A.P.C.)

38. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

39. Patenaude & Felix's conduct violated the FDCPA in the following ways:

  (a) by engaging in conduct the nature consequence of which is to harass,

6

oppress, or abuse plaintiff in connection with a collection of a debt alleged due, in violation of 15 U.S.C. §1692d.

(b)     by engaging in false, deceptive, or misleading conduct in the connection with the collection of any debt, in violation of 15 U.S.C. §1692e and §1692e(10).

(c)     by using unfair or unconscionable means to collect or attempt to collect a debt alleged due, in violation of 15 U.S.C. §1692f.

**WHEREFORE**, Plaintiff Tamara Smith demands judgment against defendant for:

(a)     Damages;

(b)     Attorney's fees and costs; and

(c)     Such other and further relief as the Court shall deem just and proper.

## V.     DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 01/23/07

*/s/ Theodore E. Lorenz (TEL5114)*
CARY L. FLITTER
THEODORE E. LORENZ
Attorneys for Plaintiff

LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 668-0011